UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRANKLIN C. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1107 (UNA) |
| | ) | |
| MARK S. DAVIS | ) | |
| *Chief Judge*, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted or is frivolous).

Plaintiff, a resident of Tallahassee, Florida, has sued the Chief Judge of the U.S. District Court for the Eastern District of Virginia. Although the eight-page handwritten complaint is difficult to decipher, it stems from Plaintiff's dissatisfaction with the Chief Judge's rulings in one or more cases. *See* Compl. at 2 ("[D]efendant Davis ha[s] manipulated the legal process of either abusing his power or discretion with an illegal improper treasonous motive and sadistic intent to dismiss valid and legitimate constitutional claims[.]").

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981). Judges enjoy absolute

immunity from a lawsuit, such as this, based on actions properly taken in their judicial capacity. *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (per curiam) (citing cases); *see accord Caldwell v. Kagan*, 455 Fed. App'x. 1 (D.C. Cir.2011) (citing *Forrester v. White*, 484 U.S. 219, 225 (1988); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir.1993)); *Jafari v. United States*, 83 F. Supp. 3d 277, 280 (D.D.C.), *aff'd*, 621 Fed. App'x 676 (D.C. Cir. 2015) ("reviewing and attributing weight to evidence, granting and denying hearings, issuing decisions, and generally adjudicating the plaintiff's case . . . are quintessential official judicial acts").  Such "immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Further, a complaint against judges who have "done nothing more than their duty" is "a meritless action." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995).  Accordingly, this case will be dismissed with prejudice.  A separate order accompanies this Memorandum Opinion.

_____

Date: May 19, 2022

TREVOR N. McFADDEN
United States District Judge